# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FOUZIA SINGH,**

        **Plaintiff,**

**v.**                               **Case No:  6:17-cv-1110-Orl-41DCI**

**PETERSENDEAN ROOFING AND
SOLAR SYSTEMS, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE (Doc. 22)** |
| **FILED:** | **April 16, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.   BACKGROUND

On May 11, 2017, Plaintiff filed a Complaint in state court against Defendants alleging causes of action for unpaid wages under the Fair Labor Standards Act (the FLSA) and the Florida Minimum Wage Act.  Doc. 2.  On June 19, 2017, Defendant removed this case to federal court. Doc. 1.

On August 3, 2017, Plaintiff filed her Response to Court's Interrogatories, alleging that Defendant owed her $86,130.00 in unpaid wages, with an equal amount in liquidated damages. Doc. 12 at 4.

On November 21, 2017, the Court entered a Case Management and Scheduling Order, and set the discovery deadline for March 30, 2018.  Doc. 20.

On April 16, 2018, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement).  Docs. 22; 22-1. The Agreement provides that Defendant will pay Plaintiff a total of $13,000.00: $4,200.00 in unpaid wages, $4,200.00 in liquidated damages, $4,000.00 in attorney fees, $300.00 in exchange for a general release, $150.00 in exchange for a non-disparagement provision, and $150.00 in exchange for a confidentiality provision.  Docs. 22 at 3; 22-1 at 3-4.  The parties request that the Court review and approve the Agreement, and dismiss this case with prejudice.  Doc. 22 at 8.

## II.   LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id*. at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

See *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

### III.   ANALYSIS

**A.  Settlement Amount.**

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA.  *See* Docs. 2; 3; 22 at 3-5.  In their Motion, the parties represented the following: the parties exchanged documents, including payroll and time records and conducted an adequate investigation of the disputed claims; the parties agreed that the number of weeks for which Plaintiff could allege unpaid overtime was in dispute; the parties disputed whether Plaintiff was entitled to liquidated damages; the parties disputed the applicable statute of limitations; the parties engaged in settlement negotiations in a good faith effort to resolve the case; there was no fraud or collusion; the parties entered into the settlement, in part, to minimize future risks and litigation costs; and the probability of success on the merits and range of possible recovery supports approval of the settlement.  Doc. 22.

Based upon the foregoing, the undersigned finds that $8,400.00 is a fair and reasonable settlement amount in this case.[4]  Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

**B.  The Terms of the Agreement.**

The Agreement contains a general release provision, a non-disparagement provision, and a confidentiality provision for which Defendant provided Plaintiff with separate consideration.  *See* 22 at 3, 6-7; 22-1.  Although courts generally find FLSA settlement agreements that contain any of the foregoing provisions to be unfair and unreasonable, courts in this District have

---

[4] This figure does not include the amount Defendant will pay to Plaintiff as consideration for the general release, non-disparagement provision, or confidentiality provision.  This figure also does not include the amount Defendant will pay to Plaintiff in attorney fees and costs, which is discussed *infra* at Section III.C.

nevertheless found FLSA settlement agreements to be fair and reasonable when the defendant provides the plaintiff with separate consideration for the offending provisions. *See, e.g.*, *Caamal v. Shelter Mortg. Co., LLC*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, *4 (M.D. Fla. Sept. 26, 2013) (citations omitted).

The undersigned finds the *Caamal* case persuasive, and finds that the general release provision, non-disparagement provision, and confidentiality provision do not render the Agreement unfair or unreasonable. However, the undersigned expresses no opinion as to the enforceability of these provisions, and notes that other courts have found non-disparagement and confidentiality provisions to be unenforceable in the context of an FLSA claim. *See, e.g.*, *Loven v. Occoquan Grp. Baldwin Park Corp.*, No. 6:14-cv-328-Orl-41TBS, 2014 WL 4639448, at *3 (M.D. Fla. Sept. 16, 2014) ("Courts throughout this Circuit have struck non-disparagement provisions in FLSA settlement agreements and found 'them to constitute a judicially imposed prior restraint in violation of the First Amendment.'") (citations omitted); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010) (stating that a confidentiality provision is unenforceable and operates in contravention of the FLSA).[5]

Accordingly, it is **RECOMMENDED** that the Court find that the terms of the general release provision, non-disparagement provision, and confidentiality provision, for which separate consideration was provided, do not affect the reasonableness of the settlement.

**C. Attorney Fees and Costs.**

Pursuant to the Agreement, Plaintiff's counsel will receive a total of $4,000.00 as attorney fees and costs. Docs. 22 at 3; 22-1 at 4. The parties represented that the attorney fees and costs

---

[5] Neither the *Loven* case nor the *Dees* case dealt with a situation in which separate consideration was provided for the provisions at issue. *See Loven*, 2014 WL 4639448; *Dees*, 706 F. Supp. 2d 1227.

were negotiated separately and without regard to the amounts paid to Plaintiff. Docs. 22 at 3, 7-8. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

## IV.     CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 22) be **GRANTED** as follows:

1. The Agreement (Doc. 22-1) be found to be a fair and reasonable settlement of Plaintiff's FLSA claims, except to the extent that the Court takes no position as to the reasonableness or enforceability of the general release provision, non-disparagement provision, and confidentiality provision;

2. The case be **DISMISSED with prejudice**; and

3. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on June 6, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy