UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FOUZIA SINGH,**

    **Plaintiff,**

**v.**                                                                                              **Case No: 6:17-cv-1110-Orl-41DCI**

**PETERSENDEAN ROOFING AND
SOLAR SYSTEMS, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on the Joint Motion for Approval of FLSA Settlement (Doc. 22). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation (Doc. 23), in which he recommends that the motion be granted. After a *de novo* review of the record, and noting that the parties filed a Joint Notice of No Objection to Report and Recommendation (Doc. 24), the Report and Recommendation will be adopted in part.

The parties' Settlement Agreement contains a confidentiality provision that forbids Plaintiff from discussing the Settlement Agreement with anyone other than "Plaintiff's spouse, attorneys, accountants and/or professional tax advisers." (Doc. 22-1 ¶ 7a). "Courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions." *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (collecting cases). This is because such provisions are at odds with the purpose behind the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and are inherently unenforceable due to the fact that the underlying settlement agreement is filed on a public docket. *See id.* (noting that confidentiality clauses "thwart Congress's intent to ensure widespread compliance with the FLSA") (quotation omitted); *Housen v. Econosweep & Maint. Servs., Inc.*,

No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) (acknowledging that confidentiality provisions are "unenforceable due to the public filing of the agreements").

Nevertheless, Judge Irick concluded that because separate consideration was provided for the confidentiality provision, it did not render the FLSA settlement unfair or unenforceable. Although Judge Irick declined to address whether the confidentiality provision was enforceable, he recommended that the settlement of Plaintiff's FLSA claims be approved. This Court disagrees.

> [A] confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the "private—public" rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute. To further Congress's intent, the Department of Labor requires the employer of an employee covered by the FLSA to display conspicuously in the workplace a detailed notice of the employee's FLSA rights. By including a confidentiality provision, the employer thwarts the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (footnotes omitted). While this Court acknowledges that confidentiality provisions have been upheld in this circuit when separate consideration is given,[1] this Court is of the opinion that such payment "does not remedy [the] concern about the possible frustration of the notice requirement to other employees." *Glass v. Krishna Krupa, LLC*, No. 10-mc-00027-CG-B, 2010 WL 4064017, at *2 (S.D. Ala. Oct. 15, 2010). Further, unlike the general release and non-disparagement provisions, the confidentiality provision cannot be separated from the settlement of Plaintiff's FLSA claims. Therefore, the confidentiality provision will be stricken.

Even though the Court will strike the confidentiality provision, this does not preclude approval of the Settlement Agreement. The Settlement Agreement contains a severability

---

[1] *See, e.g.*, *Valentine v. Physicians Grp. Servs., P.A.*, No. 3:16-cv-414-J-32PDB, 2017 WL 4174790, at *6 (M.D. Fla. Aug. 23, 2017), *report and recommendation adopted*, 2017 WL 4155451 (M.D. Fla. Sept. 19, 2017); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3–4 (M.D. Fla. Nov. 4, 2014).

provision. (Doc. 22-1 ¶ 11). Thus, the Court can strike the confidentiality provision without affecting the enforceability of the remainder of the Settlement Agreement. *See Pariente*, 2014 WL 6389756, at *5–6 (invoking settlement agreement's severability clause to strike confidentiality provision). In all other respects, the Court agrees with the analysis set forth in the Report and Recommendation.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. To the extent that it is consistent with this Order, the Report and Recommendation (Doc. 23) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. The Joint Motion for Approval of FLSA Settlement (Doc. 22) is **GRANTED in part**.
    a. The confidentiality provision of the Settlement Agreement (Doc. 22-1 ¶ 7) is **STRICKEN**.
    b. The parties' Settlement Agreement, as amended by this Court, is **APPROVED.**
3. This case is **DISMISSED with prejudice**.
4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 2,, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record